H. Grant Law (SBN:144505)
hlaw@shb.com
Amir Nassihi (SBN: 235936)
anassihi@shb.com
Mia Solvesson (SBN: 246291)
msolvesson@shb.com
SHOOK, HARDY & BACON L.L.P.
333 Bush Street, Suite 600
San Francisco, California 94104-2828
Telephone:    (415) 544.-900
Facsimile:    (415) 391-0281

Attorneys for Defendant
FORD MOTOR COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ROBERTO O. LOZANO, DANIEL GERARD, RAMON RODRIGUEZ, QU PING, AND NANCY KIGER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>FORD MOTOR COMPANY; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. CV 08 3244 MEJ<br><br>**DEFENDANT FORD MOTOR COMPANY'S ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>Complaint Filed: July 3, 2008 |

Pursuant to Federal Rules of Civil Procedure, Rule 8, Ford Motor Company (hereinafter "Defendant"), answers Plaintiffs' Complaint as follows:.

1.  Defendant denies the allegations of defective design and manufacture in Paragraph 1 of Plaintiffs' Complaint. With respect to the remaining allegations contained in Paragraph 1, Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies same.

2. With respect to the allegations contained within Paragraph 2 of Plaintiffs' Complaint, Ford admits it has issued two recalls related to the SCD Switch at issue herein. To the extent not already answered, Ford denies the remaining allegations in this paragraph and therefore denies same.

3. Ford hereby denies the allegations contained within paragraph 3 of Plaintiffs' Complaint.

4. Ford hereby denies the allegations contained within paragraph 4 of Plaintiffs' Complaint.

5. With respect to the allegations contained within Paragraphs 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, and 58 of Plaintiffs' Complaint, Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein regarding Plaintiffs' particularized facts and circumstances and therefore denies same.

6. With respect to the allegations contained within Paragraph 59 of Plaintiffs' Complaint, Ford admits it is a corporate entity which conducts business throughout the United States, including California.

7. With respect to the allegations contained within Paragraph 60 of Plaintiffs' Complaint, Ford admits that its principal place of business is One American Road, Dearborn, Michigan, 48126.

8. With respect to the allegations contained within Paragraph 61 of Plaintiffs' Complaint, Ford admits it is a corporate entity which conducts business throughout the United States, including California, and is engaged in the business of manufacturing, assembling, and distributing new motor vehicles.

9. With respect to the allegations contained within Paragraphs 62 and 63 of Plaintiffs' Complaint, Ford admits that for purposes of Federal Diversity Jurisdiction, Ford is a citizen of the states of Delaware and Michigan. Defendant Ford admits this Court has subject matter jurisdiction over this putative class action under the Class Action Fairness Act ("CAFA") because there are allegedly more than one-hundred purported class members, there are allegedly members of the

Plaintiff class who are citizens of states different from that of Defendant Ford, and the aggregate of class members' claims is allegedly more than $5 million. 28 U.S.C. § 1332(d), but Ford denies that this lawsuit is appropriate for class action treatment or is manageable as a class action. To the extent not already answered, Ford denies the remaining allegations in Paragraphs 62 and 63 of Plaintiffs' Complaint.

10. With respect to the allegations contained within Paragraph 64 of Plaintiffs' Complaint, Ford states that the allegations with respect to personal jurisdiction therein call for a legal conclusion to which no response is required of this Defendant. With respect to the remaining allegations, if any, Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

11. With respect to the allegations contained within Paragraph 65 of Plaintiffs' Complaint, Ford states that the allegations with respect to venue therein call for a legal conclusion to which no response is required of this Defendant. With respect to the remaining allegations, if any, Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

12. Ford hereby denies the allegations contained within Paragraphs 66, 67, and 68 of Plaintiffs' Complaint.

13. Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 69 and therefore denies same. To the extent any of these paragraphs contain any allegation or the inference of any allegation of negligence or fault on the part of Ford, Ford hereby denies same.

14. With respect to Paragraphs 70, 71, and 72 of Plaintiffs' Complaint, Ford admits that it initiated a voluntary recall on or about May 13, 1999 regarding certain of the model year vehicles identified in Paragraphs 70, 71, and 72, which included replacement of the vehicles' speed control deactivation switch but did not involve adding an additional fuse to the circuit in which the switch was included. Ford denies the speed control deactivation switch originally installed in the vehicles subject to this action was "essentially identical" to the replacement part or the speed control

1  deactivation switch used in other vehicles. To the extent further response is required, Ford denies the remaining allegations, if any.

2     15.  With respect to Paragraphs 73, 74, and 75 of Plaintiffs' Complaint, Ford admits that it initiated a voluntary recall in January 2005 that included approximately 740,000 vehicles comprised of: (1) model year 2000 Ford F-150s; (2) model year 2000 Ford Expeditions; (3) model year 2000 Lincoln Navigators; and (4) some model year 2001 Ford F-Series Supercrew Trucks (built through August 7, 2000) equipped with speed control. Ford admits it sent various mailings regarding this action which included information and instructions. Ford admits this action included an interim procedure if the permanent procedure could not be performed, which involved disconnecting the electrical connector from the speed control deactivation switch. Ford further admits the permanent procedure included installation of a jumper harness. To the extent not already answered, Ford denies the remaining allegations in this paragraph.

     16.  With respect to Paragraph 76 of Plaintiffs' Complaint, Ford admits it sent letters in February 2005 regarding the vehicles identified in the preceding paragraph which included information and instructions regarding the 05S28 recall and, because certain parts for the permanent procedure were not expected to be available until April or May, it requested that owners return their affected Ford vehicles to an authorized Ford dealer to have the SCD Switch temporarily disconnected from the associated electrical circuit. To the extent further response is required, Ford denies the remaining allegations, if any.

     17.  With respect to Paragraph 77 of Plaintiffs' Complaint, Ford admits it sent various mailings to owners of the vehicles described in its answer to Paragraphs 73, 74, and 75 which included information and instructions related to the 05S28 recall including regarding the availability of replacement parts. Ford further admits these mailings asked the recipient to schedule an appointment to have the permanent procedure performed. To the extent further response is required, Ford denies the remaining allegations, if any.

     18.  Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraphs 78 and 79 regarding Plaintiffs' particularized facts and circumstances and therefore denies same. To the extent that these Paragraphs contain any allegation

1  or the inference of any allegation of negligence or fault on the part of Ford, Ford hereby denies
2  same.
3      19.    With respect to Paragraph 80 and 81 of Plaintiffs' Complaint, Defendant admits that
4  Ford it supplemented the 05S28 recall on or about September 7, 2005 to include approximately 4.3
5  million vehicles equipped with speed control comprised of: (1) model year 1994-99 and 2001-02
6  Ford F-150s; (2) model year 1997-99 and 2001-002 Ford Expeditions; (3) model year 1998-99 and
7  2001-02 Lincoln Navigators; (4) model year 1994-99 F-250s (under 8500 GVW); (5) model year
8  1994-96 Ford Broncos and (6) model year 2002 Lincoln Blackwoods. Ford admits it sent various
9  mailings regarding this action which included information and instructions. Ford admits this action
10  included an interim procedure if the permanent procedure could not be performed, which involved
11  disconnecting the electrical connector from the speed control deactivation switch. Ford further
12  admits the permanent procedure included installation of a jumper harness. To the extent not already
13  answered, Ford denies the remaining allegations in this Paragraph.
14      20.    With respect to Paragraph 82 of Plaintiffs' Complaint, Ford admits it sent letters in
15  September 2005 regarding the vehicles identified in the preceding paragraph which included
16  information and instructions regarding the 05S28 recall and it requested that owners return their
17  affected Ford vehicles to an authorized Ford dealer to have the SCD Switch temporarily
18  disconnected until a permanent procedure could be performed. To the extent further response is
19  required, Ford denies the remaining allegations, if any.
20      21.    With respect to Paragraph 83 of Plaintiffs' Complaint, Ford admits it sent a mailing in
21  November 2005 regarding the vehicles identified in its answer to the preceding paragraph which
22  included information and instructions regarding the 05S28 recall including regarding the availability
23  of replacement parts, scheduling an appointment and the ability of the dealer to perform an interim
24  repair. To the extent further response is required, Ford denies the remaining allegations, if any.
25      22.    With respect to Paragraph 84 and 85 of Plaintiffs' Complaint, Defendant presently is
26  without knowledge sufficient to form a belief as to the truth of the allegations in these Paragraphs
27  regarding the number of vehicles which did not have the permanent procedure performed despite
28  multiple mailings and other available information but states that, to date, a significant number of

1  vehicles have received this free service. To the extent further response is required, Ford denies the
2  remaining allegations, if any.

3      23. With respect to Paragraph 86 of Plaintiffs' Complaint, Ford admits that it
4  supplemented the 05S28 recall on August 3, 2006 to include approximately 1.2 million additional
5  speed control-equipped gas or natural gas vehicles comprised of: (1) model year 1994-2002 F-250
6  through F-550 Super Duty trucks; (2) model year 2000-2002 Ford Excursions; (3) model year 1994-
7  1996 Ford Econoline vans; (4) model year 1996-2002 E-450 vans; and (5) model year 1998 Ford
8  Explorers and 1998 Mercury Mountaineers. Ford further admits this action called for an authorized
9  Ford dealer to install a fused wiring harness to provide for the termination of electrical current. To
10 the extent not already answered, Defendant denies the remaining allegations in this paragraph.

11     24. With respect to Paragraph 87 of Plaintiffs' Complaint, Ford admits that it
12 supplemented the 05S28 recall on March 5, 2007 to include approximately 150,000 additional
13 certain speed control-equipped gas or natural gas vehicles comprised of: (1) certain model year
14 2002 Ford E-550 gas engine vehicles; and (2) early build model year 2003 F-150 and F-250-F-550
15 Super Duty trucks, Ford Excursion, Ford E-550 gas or natural gas engine vehicles and Lincoln
16 Blackwoods. Ford further admits this action called for an authorized Ford dealer to install a fused
17 wiring harness to offer certain protection in the even of an electrical short to ground. To the extent
18 not already answered, Ford denies the remaining allegations in this paragraph.

19     25. With respect to Paragraph 88 of Plaintiffs' Complaint, Ford admits that it
20 supplemented the 05S28 recall on August 3, 2007 to include approximately 3.6 million additional
21 certain speed control-equipped gas or natural gas vehicles which included those vehicles listed in
22 subparagraphs A through Q of Plaintiffs' Complaint. Ford further admits that the recall procedure
23 called for an authorized Ford dealer to install a fused wiring harness to offer certain protection in the
24 even of an electrical short to ground. To the extent not already answered, Defendant denies the
25 remaining allegations in this paragraph.

26     26. With respect to the allegations contained within Paragraph 89 of Plaintiffs'
27 Complaint, Ford is without knowledge or information sufficient to form a belief as to the truth of the
28

allegations regarding Plaintiffs' particularized facts and circumstances contained therein and therefore denies same.

27. With respect to Paragraph 90 of Plaintiffs' Complaint, Ford admits it initiated the 08S01 recall on or about February 1, 2008 regarding approximately 225,000 vehicles repaired with an ineffective wiring harness part. Ford admits the vehicles included in this action are described generically in subparagraphs A through G of Plaintiffs' Complaint but denies that all of the relevant vehicles within these populations were serviced with the ineffective harness. Ford further admits that the recall procedure called for an authorized Ford dealer to install a fused wiring harness to offer certain protection in the event of an electrical short to ground. To the extent not already answered, Defendant denies the remaining allegations in this paragraph.

28. With respect to the allegations contained within Paragraph 91 of Plaintiffs' Complaint, Ford is without knowledge or information sufficient to form a belief as to the Plaintiffs' personal beliefs. To the extent not already answered, Ford denies the remaining allegations, if any.

29. With respect to Paragraphs 92 and 93 of Plaintiffs' Complaint, Ford admits that as part of the 05S28 recall, during periods when replacement parts were not immediately available, Ford requested that owners return their affected Ford vehicles to an authorized Ford dealer to have the SCD Switch temporarily disconnected from the associated electrical circuit as an interim repair. Defendant denies the remaining allegations in these Paragraphs.

30. With respect to Paragraphs 94 and 95 of Plaintiffs' Complaint, Ford presently is without knowledge sufficient to form a belief as to the truth of the allegations in these Paragraphs regarding Plaintiffs' and purported putative class members' actions in response to the voluntary recall and therefore denies same. Defendant denies the remaining allegations in this paragraph.

31. With respect to the allegations contained within Paragraph 96 of Plaintiffs' Complaint, Ford denies the allegations contained therein.

32. With respect to the allegations contained within Paragraph 97 of Plaintiffs' Complaint, Ford states that an MDL proceeding has been established to consolidate litigation regarding the SCD Switch. Plaintiffs purport to quote an August 24, 2007 Order granting Ford's partial motion to dismiss, which quote speaks for itself. Ford states that the Court dismissed loss-of-

use damage claims with prejudice in its August 24, 2007 Order. To the extent not already answered, Ford denies the remaining allegations, if any.

33. With respect to Paragraph 98 of Plaintiffs' Complaint, Ford denies the allegations contained therein.

34. With respect to Paragraph 99 of Plaintiffs' Complaint, Ford admits that the Loss-of-Use Plaintiffs and putative Loss-of-Use Sub-Class Members purport to seek relief based on the allegations that they were without use of the SCD Switches for a period of time but denies that these plaintiffs are entitled to any relief. Ford denies the remaining allegations.

35. With respect to Paragraph 100 of Plaintiffs' Complaint, Ford denies the allegations contained therein.

36. With respect to Paragraph 101 of Plaintiffs' Complaint, Ford denies the allegations contained therein.

37. With respect to Paragraph 102 and 103 of Plaintiffs' Complaint, Ford denies the allegations in this paragraph. Ford states that some or all of Plaintiffs' claims are impliedly preempted by the Motor Vehicle Safety Act, 49 U.S.C. § 30301, *et seq*.

38. With respect to the allegations contained within Paragraph 104 of Plaintiffs' Complaint, Plaintiffs purport to summarize the MDL Court's August 24, 2008 Order granting Ford's partial motion to dismiss, which Order speaks for itself.

39. With respect to Paragraph 105 of Plaintiffs' Complaint, Ford denies the allegations contained therein.

40. With respect to Paragraph 106 of Plaintiffs' Complaint, Defendant admits that Plaintiff purports to define a proposed class as set forth in Paragraph 106 but denies that Plaintiffs are entitled to certification of this or any class.

41. With respect to Paragraph 107 of Plaintiffs' Complaint, Defendant admits that Plaintiff purports to define two proposed sub-classes as set forth in Paragraph 107 but denies that Plaintiffs are entitled to certification of these or any sub-classes.

42. With respect to Paragraphs 108, 109, 110, 111, 112, and 113 of Plaintiffs' Complaint, Ford denies the allegations contained therein.

43.     With respect to Paragraph 114 of Plaintiffs' Complaint, Defendant incorporates by reference its responses to the allegations contained in Paragraphs 1 through 113 of Plaintiffs' Complaint.

44.     With respect to Paragraph 115 of Plaintiffs' Complaint, the allegations with respect to the UCL and Business and Professions Code call for a legal conclusion to which no response is required of this Defendant.

45.     With respect to Paragraphs 116, 117, 118, 119, and 120 of Plaintiffs' Complaint, Ford denies the allegations contained therein.

46.     With respect to Paragraph 121 of Plaintiffs' Complaint, Defendant incorporates by reference its responses to the allegations contained in Paragraphs 1 through 120 of Plaintiffs' Complaint.

47.     With respect to Paragraph 122 and 123 of Plaintiffs' Complaint, the allegations contained therein call for a legal conclusion to which no response is required of this Defendant.

48.     With respect to Paragraphs 124, 125, 126, 127, and 128 of Plaintiffs' Complaint, Ford denies the allegations contained therein.

49.     With respect to Paragraph 129 of Plaintiffs' Complaint, Defendant incorporates by reference its responses to the allegations contained in Paragraphs 1 through 128 of Plaintiffs' Complaint.

50.     With respect to Paragraph 130 of Plaintiffs' Complaint, Ford admits that it manufactures, in part, and completes the final assembly of various Ford vehicles. Ford also admits it distributed certain automobiles to authorized Ford dealers located in all 50 states and the District of Columbia. Any allegations herein not specifically admitted or denied are hereby denied.

51.     With respect to Paragraphs 131 and 132 of Plaintiffs' Complaint, Ford denies the allegations contained therein.

52.     With respect to Paragraphs 133, 134, 135, and 136 of Plaintiffs' Complaint, Ford denies the allegations contained therein.

53. With respect to Paragraph 137 of Plaintiffs' Complaint, Defendant incorporates by reference its responses to the allegations contained in Paragraphs 1 through 136 of Plaintiffs' Complaint.

54. With respect to Paragraph 138 of Plaintiffs' Complaint, Ford admits that it manufactures, in part, and completes the final assembly of various Ford vehicles. Ford also admits it distributed certain automobiles to authorized Ford dealers located in all 50 states and the District of Columbia. Any allegations herein not specifically admitted or denied are hereby denied.

55. With respect to Paragraph 139 and 140 of Plaintiffs' Complaint, Ford is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiffs' particularized facts and circumstances and therefore denies same.

56. With respect to Paragraphs 141, 142, 143, and 144 of Plaintiffs' Complaint, Ford denies the allegations contained therein.

57. With respect to Paragraph 145 of Plaintiffs' Complaint, Defendant incorporates by reference its responses to the allegations contained in Paragraphs 1 through 144 of Plaintiffs' Complaint.

58. With respect to Paragraph 146 of Plaintiffs' Complaint, the allegations with respect to alleged legal duties therein call for a legal conclusion to which no response is required of this Defendant. The remaining allegations within, if any, are hereby denied.

59. With respect to Paragraphs 147 and 148 of Plaintiffs' Complaint, Ford denies the allegations contained therein.

60. Ford denies each and every portion of Plaintiffs' Prayer for Relief. Ford denies each and every allegation in Plaintiffs' Complaint, except as expressly admitted or qualified above, and denies that Plaintiff or any putative class members is entitled to any of the relief requested. Ford requests that: (1) Plaintiffs' Complaint be dismissed with prejudice; (2) the Court find that Plaintiffs are not entitled to any judgment or relief; (3) the Court enter judgment in favor of Ford on all surviving claims; and (4) the Court award Ford its attorneys' fees, costs, expenses, and such other and further relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

Ford asserts the following defenses to Plaintiffs' Complaint, without assuming the burden of proof where it otherwise would be on Plaintiffs:

### FIRST AFFIRMATIVE DEFENSE

1. Plaintiffs' Complaint fails to state a claim against Ford upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2. Plaintiffs' claims are barred by the applicable statutes of limitations and repose.

### THIRD AFFIRMATIVE DEFENSE

3. The negligence, fault, or carelessness of Plaintiffs and the putative class members was the sole, intervening, or superseding cause of their alleged damages and therefore, any recovery by Plaintiffs or the putative class members is barred or diminished pursuant to the applicable laws; including but not limited to, more specifically, (1) the failure to use the product as reasonably anticipated by the manufacturer, and (2) the use of the product for a purpose not intended by the manufacturer.

### FOURTH AFFIRMATIVE DEFENSE

4. The negligence, fault, or carelessness of other persons or entities caused or contributed to Plaintiffs' alleged damages and therefore, any recovery by Plaintiffs is barred or diminished in proportion to the amount of negligence, fault, or carelessness attributable to such persons or entities.

### FIFTH AFFIRMATIVE DEFENSE

5. Plaintiffs and putative class members' claims are barred, in whole or in part, by settlement or accord and satisfaction of their claims.

### SIXTH AFFIRMATIVE DEFENSE

6. Plaintiffs' claims for equitable relief are barred due to the existence of adequate remedy at law.

///
///

### SEVENTH AFFIRMATIVE DEFENSE

7.  Plaintiffs' class action allegations are barred in that if this action is certified as a class action, Ford's rights under the Fifth and Seventh Amendments to the United States Constitution would be violated.

### EIGHTH AFFIRMATIVE DEFENSE

8.  The subject vehicles, as described in Plaintiffs' complaint, were not in the same condition at the time of the event(s) and/or damages alleged in Plaintiffs' Complaint as when they left the alleged custody of Ford and therefore, any recovery by Plaintiffs is barred.

### NINTH AFFIRMATIVE DEFENSE

9.  Any allegedly defective condition in the subject vehicles described in Plaintiffs' Complaint developed as a result of any unforeseeable misuse, abuse, abnormal use, alterations, changes, modifications, or improper maintenance or repairs made to the vehicle after it left the alleged possession and control of the manufacturer, by persons or entities over which Ford has no control, and therefore, any recovery by Plaintiffs is barred.

### TENTH AFFIRMATIVE DEFENSE

10.  All acts of Ford at the time of manufacture, sale, or distribution of the subject vehicles as described in Plaintiffs' Complaint, were in conformity with the state-of-the-art and were based upon the state of knowledge existing at the relevant time alleged in the complaint, and therefore, any recovery by Plaintiffs is barred pursuant to the applicable statutes.

### ELEVENTH AFFIRMATIVE DEFENSE

11.  Ford is entitled to a set-off of monies previously awarded or collected by Plaintiffs for the alleged damages to their vehicles.

### TWELFTH AFFIRMATIVE DEFENSE

12.  Plaintiffs' claims are barred because at the time the products at issue in this litigation left Ford's control, they complied with applicable codes, standards, regulations, and specifications established, adopted, promulgated, or approved by the United States or by California law, or by any

agency of the United States or California and industry standards. The products were reasonably fit, suitable, and safe for their intended purpose.

### THIRTEENTH AFFIRMATIVE DEFENSE

13. If Plaintiffs sustained damages as alleged in Plaintiffs' complaint, which Ford specifically denies, the acts, omissions, negligence, fault, carelessness, assumption of risk, or other conduct of plaintiffs, class members, or others not named as parties for whose actions Ford is neither liable nor responsible, either precludes or diminishes any recovery.

### FOURTEENTH AFFIRMATIVE DEFENSE

14. Plaintiffs failed to notify Ford of any alleged breach of warranty within a reasonable time as required by the Uniform Commercial Code and, therefore, any recovery by plaintiff against Ford under a theory of warranty is barred.

### FIFTEENTH AFFIRMATIVE DEFENSE

15. Plaintiffs' claims are barred under the equitable doctrines of estoppel, laches, unclean hands, and/or waiver.

### SIXTEENTH AFFIRMATIVE DEFENSE

16. Plaintiffs' claims are barred, in whole or in part, by the terms of any applicable express limited warranty.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17. Plaintiffs' claims are barred because the alleged damages sustained were not proximately caused by any act or omission by Ford.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18. Plaintiffs' claims are barred by reason of Plaintiffs' failure to mitigate the alleged damages or losses.

### NINETEENTH AFFIRMATIVE DEFENSE

19. Plaintiffs' claims are barred, in whole or in part, because Ford's advertisements with respect to the subject vehicles were not false, misleading, or deceptive, and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

///

### TWENTIETH AFFIRMATIVE DEFENSE

20. To the extent applicable, Plaintiffs' breach of warranty claims are barred by a lack of privity between plaintiff and Ford and because Plaintiffs and the putative class members failed to provide Ford with reasonable or adequate notice of the alleged breach of any such purported warranties.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

21. Plaintiffs' claims may be barred in whole or in part by the operation of the Economic Loss Doctrine.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

22. Plaintiffs' complaint is defective for failure to join indispensable parties.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

23. If Plaintiffs' vehicle was damaged, those damages occurred because it was used for a purpose other than that for which it was intended, in a manner other than that in which it was intended to be used, and in disregard of instructions and directions regarding its use. Such misuse was not reasonably foreseeable to Ford.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

24. Notwithstanding the claims and contentions of Plaintiffs, Plaintiffs received all or substantially all of the benefit from the subject products that plaintiff hoped and intended to receive, and, to that extent, any damages and/or restitution that plaintiff might be entitled to recover from Ford must be correspondingly reduced.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

25. The "unfairness" prong of the Unfair Competition Law is so unclear, vague, indefinite, and uncertain that it violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution and the Due Process Clause of the California Constitution (art. I, § 7).

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

26. To the extent Plaintiff asserts claims under the Unfair Competition Law (Bus. & Prof. Code, § 17200 et seq.) based upon theories of common law tort, strict liability, or breach of warranty, such claims are barred. (*Klein v. Earth Elements, Inc.*, 59 Cal. App. 4th 965 (1997).)

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27. The activities of Ford alleged in Plaintiffs' Complaint are protected commercial speech under the United States and California Constitutions.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28. Plaintiff has failed to plead his claims with sufficient particularity.

### TWENTY- NINTH AFFIRMATIVE DEFENSE

29. Plaintiffs and/or the putative class members lack standing to assert the claims alleged in the Complaint.

### THIRTIETH AFFIRMATIVE DEFENSE

30. To the extent the Plaintiffs' claims are based on a theory providing for liability without proof of causation, the claims violate Ford's rights under the United States Constitution, the California Constitutions, and the constitutions of the other 49 states.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

31. Plaintiffs' claims fail to qualify as claims that can be brought as a class action because, among other things:

   a) Individual issues and questions of law and fact predominate over common questions of law and fact.

   b) There are no common questions of law or fact.

   c) Plaintiffs' claims are not typical of the claims of the class members.

   d) Plaintiff will not adequately protect the interests of the class.

   e) A class action is not superior to other available methods for adjudication of the controversy.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

32. To the extent plaintiff seeks to certify a class action based on alleged violations of the Consumer Legal Remedies Act (Civ. Code, § 1750 et seq.), Plaintiff has failed to satisfy the requirements set forth in Civil Code section 1781.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

33. Plaintiffs are not entitled to an award of attorneys' fees.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

34. To the extent Plaintiffs seek damages based on alleged violations of the Consumer Legal Remedies Act, Ford has a complete defense because plaintiff failed to satisfy the prerequisites set forth in Civil Code section 1782. More specifically, plaintiff failed to provide proper and adequate notice of their intention to commence an action for damages under the Consumers Legal Remedies Act.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

35. To the extent Plaintiffs seek exemplary or punitive damages, the Complaint fails to allege facts sufficient to entitle Plaintiffs to an award of exemplary or punitive damages.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

36. Insofar as Plaintiffs seek recovery of punitive damages, their claims are barred by the provisions of the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution and Article 1, Sections 7, 15, 16, and 17 of the California Constitution for each of the following reasons:

   a) California law fails to provide adequate notice of the conduct that will subject a defendant to punitive damages.

   b) California law fails to provide a defendant with adequate notice of the severity of the penalty that may be imposed in the form of punitive damages.

   c) California law permits the imposition of grossly excessive penalties in the form of punitive damages.

   d) California law fails to provide meaningful and appropriate review of punitive damage awards by trial and appellate courts and fails to provide for appropriate de novo review of such awards under the clear and convincing standard.

   e) Notwithstanding the fact that punitive damages are quasi-criminal in nature, California law fails to require proof beyond a reasonable doubt and a verdict by a unanimous jury as a condition to the imposition of punitive damages.

   f) California law permits the assessment and measure of punitive damages to be based, in significant part, upon the wealth of a defendant.

   g) Plaintiffs' claim for punitive damages cannot be sustained to the extent it seeks to

1  punish Ford for alleged harm to non-parties or persons who are not before the Court because
2  imposition of punitive damages under such circumstances would violate Ford's procedural and
3  substantive due process rights and equal protection rights under the Fifth and Fourteenth
4  Amendments to the United States Constitution and Ford's due process and equal protection rights
5  under article 1, section 7 of the California Constitution, and would be improper under the common
6  law and public policies of the United States and California.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

7
8  37.  Plaintiffs' claims are barred, in whole or in part, by the Commerce Clause of the
9  United States Constitution because they purport to regulate interstate commerce and impermissibly
10 place an undue burden on interstate commerce.

### THIRTY-EIGHT AFFIRMATIVE DEFENSE

11
12 38.  To the extent plaintiffs seek exemplary or punitive damages, Ford specifically
13 incorporates by reference all standards and/or limitations regarding the determination and
14 enforceability of punitive damage awards that arise in the decisions of *BMW of North America v.*
15 *Gore* (1996) 517 U.S. 559, *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.* (2001) 532 U.S.
16 424, and *State Farm Mut. Auto. Ins. Co. v. Campbell* (2003) 123 S. Ct. 1513, 1519, 1521 [Supreme
17 Court ruled on punitive damages a few weeks ago in the Exxon Valdez case. Should we add that
18 case?].

### THIRTY-NINTH AFFIRMATIVE DEFENSE

19
20 39.  The claim of the Plaintiffs for punitive damages against Ford should be dismissed
21 because any award of punitive damages under California law without bifurcating the trial and trying
22 all punitive damages issues separately, if and only if, liability on the merits has been found, would
23 violate Ford's due process rights guaranteed by the Fourteenth Amendment of the United States
24 Constitution and by California's law.

### FORTIETH AFFIRMATIVE DEFENSE

25
26 40.  Plaintiffs' vehicles complied with all applicable governmental regulations and
27 industry standard and was consistent with the state of the art at the time of sale.
28 ///

### FORTY FIRST AFFIRMATIVE DEFENSE

41. Some or all of Plaintiffs' claims are impliedly preempted by the Motor Vehicle Safety Act, 48 U.S.C. § 30301, et seq., or by other federal statutes or regulations.

### FORTY SECOND AFFIRMATIVE DEFENSE

42. To the fullest extent applicable, Ford asserts all affirmative defenses set forth in Federal Rule of Civil Procedure 8(c), including the following: assumption of risk, contributory negligence, duress, estoppel, fraud, illegality, injury by fellow servant, release, res judicata, statute of frauds, and expiration of the statute of limitations.

### FORTY THIRD AFFIRMATIVE DEFENSE

43. Ford asserts all affirmative defenses set forth in Federal Rule of Civil Procedure 12(b) including the following: lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue, insufficiency of process, insufficiency of service of process, failure to state a claim upon which relief can be granted, and failure to join a party under Federal Rule of Civil Procedure 19.

### FORTY FOURTH AFFIRMATIVE DEFENSE

44. Ford may rely upon any other defense that may become available or appear during the discovery proceeding in this case, and reserves the right to raise such additional defenses as may become available.

### JURY DEMAND

Ford demands a trial by jury of all claims and defenses upon which it is entitled to a jury trial.

### PRAYER FOR RELIEF

WHEREFORE, Ford requests that: (1) Plaintiffs' Complaint be dismissed with prejudice; (2) the Court find that Plaintiffs are not entitled to any judgment or relief; (3) the Court enter judgment in favor of Ford on all claims; and (4) the Court award Ford its attorneys' fees, costs, expenses, and such other and further relief as the Court deems just and proper; and (5) relief to file an amended pleading upon completion of discovery and all other appropriate relief to which it may now or hereafter appear to be entitled.

| | | |
|---|---|---|
| 1 | Date: August 6, 2008 | Respectfully submitted, |
| 2 | | SHOOK, HARDY & BACON L.L.P. |
| 3 | | By: /s/ Amir Nassihi |
| | | H. GRANT LAW |
| 4 | | AMIR NASSIHI |
| | | MIA O. SOLVESSON |
| 5 | | Attorneys for Defendant |
| 6 | | FORD MOTOR COMPANY |